**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Michael E. WILBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted July 19, 2004.
Filed Sept. 10, 2004.

Jerry J. Russo, Harrisburg, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlise, for Com., appellee.

Before: FORD ELLIOTT, STEVENS and TODD, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Cumberland County Court of Common Pleas on February 3, 2004. On November 10, 2003, Appellant was convicted at a bench trial of Driving Under the Influence[1] and Driving Under Suspension[2]. Herein, Appellant contends the trial court erred in concluding that the stop of Appellant's automobile was legal. We affirm.

¶ 2 On the night of October 7, 2002, at approximately 2:35 p.m., Officer Paula Mullen (Mullen) witnessed Appellant coming from the opposite direction and driving towards her at a speed of roughly 60 miles an hour along a two way country road with a speed limit of 45 miles per hour Suppression Hearing N.T. at 6–7. She observed his headlights "darting" erratically from one side of his lane to another at this high rate of speed. N.T. at 17. As Appellant's vehicle, a black Chevrolet pick up truck, passed Officer Mullen she noticed it was emitting a nauseating odor. Mullen chose

---

1. 75 Pa.C.S.A. § 3731(a)(1).

2. 75 Pa.C.S.A. § 1543.

to turn around and follow the vehicle because she suspected Appellant was drunk and would crash his vehicle. N.T. at 7–8. Mullen was not able to spot his vehicle immediately, but she kept following the odor of Appellant's vehicle's exhaust. *Id.*

¶ 3 Shortly thereafter, Mullen spotted Appellant's vehicle swerving from side to side of its lane of travel at a slower speed. N.T. at 10. Using a camera within her marked police vehicle, Mullen recorded Appellant's movements for approximately two minutes, during which time Appellant occasionally crossed slightly over the double yellow line and the white line on the road. N.T. at 11. Mullen also observed that many of the characters on Appellant's license plate were obscured by mud as she pursued his vehicle from a reasonable distance of three to four car lengths. N.T. at 9, 20. After following Appellant and recording his movements for approximately a mile, Mullen activated her emergency lights and initiated a traffic stop. Mullen was able to read the characters on Appellant's license plate only after she had gotten out her vehicle and inspected the plate more closely.

¶ 4 Following the traffic stop and a subsequent blood test, Appellant was charged with Driving Under the Influence and Driving Under Suspension. On September 9, 2003, the trial court denied Appellant's motion to suppress the evidence and held that "the officer had reasonable and articuable suspicion, or probable cause, to believe that the [Appellant] was operating his vehicle in violation of Section 1332 "Display of Registration Plate" of the Vehicle Code." N.T. at 29. On November 10, 2003, Appellant was convicted at a bench trial of Driving Under the Influence and Driving Under Suspension. On February 6, 2004, Appellant was sentenced for driving under the influence to a minimum of 30 days and a maximum of 23 months incar-

ceration with the possibility of parole and was ordered to pay the costs of prosecution, plus a fine of $310.00. Appellant was sentenced to pay the costs of prosecution, a fine of $210, and a $30 CAT fund charge for driving while under suspension.

¶ 5 Herein, Appellant contends the trial court erred in failing to suppress evidence obtained from an illegal automobile stop. Our review of a suppression hearing is limited to a determination of "whether the record as a whole supports the court's factual findings and whether the legal conclusions drawn from such findings are free of error." *Commonwealth v. Dowds*, 563 Pa. 377, 382, 761 A.2d 1125, 1128 (2000). When reviewing a denial of a motion to suppress, this Court must consider only the evidence of the prosecution and so much of evidence for the defense as remains uncontradicted when read in context of the whole record. *Commonwealth v. Korenkiewicz*, 743 A.2d 958, 962 (Pa.Super.1999).

¶ 6 Appellant maintains Officer Mullen did not articulate specific facts providing probable cause to believe a violation of the vehicle code had occurred. Our courts, while recognizing the Commonwealth's interest in maintaining the safety of travelers, endeavor to maintain the public's reasonable expectation of privacy within their automobiles. *Commonwealth v. Gleason*, 567 Pa. 111, 120, 785 A.2d 983, 988 (2001). Therefore, where the basis of a vehicular stop is to permit a determination of whether there has been compliance with the Vehicle Code, the officer initiating the stop must articulate specific facts possessed by him or her at the time of the of the stop which would provided probable cause to believe a violation of the vehicle code had occurred. 75 Pa.C.S.A. § 6308(b); *Commonwealth v. Whitmyer*, 542 Pa. 545, 549–51, 668 A.2d 1113, 1116 (1995).

¶ 7 During the suppression hearing, Mullen stated her primary grounds for stopping Appellant's vehicle was his erratic driving. N.T. at 26. Our courts have required, however, that erratic driving must also create a safety hazard before giving rise to probable cause of an applicable Vehicle Code violation. *See Commonwealth v. Baumgardner,* 568 Pa. 324, 796 A.2d 965 (2002) (a motorist weaving from left to right within his own lane provided insufficient basis to stop a vehicle); *Commonwealth v. Shick,* 569 Pa. 233, 803 A.2d 1174 (2002) (a motorist weaving within his own lane and sometimes crossing the centerline provided an insufficient basis to stop a vehicle).

¶ 8 However, the present case may be distinguished from the "mere" erratic driving line of cases because Appellant's erratic driving was but one of two independent bases for his vehicular stop. Officer Mullen testified that her inability to discern the characters on Appellant's registration plate from three to four car lengths behind also prompted the stop, and was one of the points listed in the "probable cause" section of her police report as a violation of the Vehicle Code. N.T. at 20.

¶ 9 Section 1332(b) of the Vehicle Code, "Display of Registration Plate," provides:

(b) Obscuring plate.—It is unlawful to display on any vehicle a registration plate which is so dirty as to prevent the reading of the number or letters thereon at a reasonable distance or is otherwise illegible at a reasonable distance or is obscured in any manner.

75 Pa.C.S.A. § 1332(b). Mullen identified the characters on Appellant's license plate only after she had gotten out of her vehicle and inspected the plate up close during the vehicular stop. *Id.* The record therefore supports the trial court's factual finding that probable cause existed to justify the stop of Appellant's vehicle on the basis of a suspected violation of 75 Pa.C.S.A. § 1332(b).

¶ 10 Judgment affirmed.