J-S45009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON Q. HANDY, JR., | : | |
| | : | |
| Appellant | : | No. 1389 MDA 2017 |

Appeal from the Judgment of Sentence May 1, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005472-2014

BEFORE: OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 20, 2018**

Aaron Q. Handy, Jr. ("Handy"), appeals from the judgment of sentence imposed after a jury convicted him of persons not to possess firearms.[1] We affirm.

In its Opinion, the trial court thoroughly set forth the relevant factual and procedural history underlying this appeal, which we incorporate as though fully set forth herein. *See* Trial Court Opinion, 3/15/18, at 1-4.[2]

After the imposition of sentence, Handy filed a Post-trial Motion on May 11, 2017. He requested therein, *inter alia*, that the trial court grant him a new trial because the stop and search of the subject vehicle, and seizure of

---

[1] *See* 18 Pa.C.S.A. § 6105(a)(1).

[2] As an addendum, we note that Handy did not have a license to possess the handgun that Lieutenant Christopher Laser ("Lt. Laser") seized from the vehicle's center console.

---

\* Retired Senior Judge assigned to the Superior Court.

evidence therefrom, was unlawful and in violation of his constitutional rights. The trial court denied Handy's Motion by an Opinion and Order entered on August 3, 2017. Handy then timely filed a Notice of Appeal. Following a procedural history not relevant to the instant appeal, Handy timely filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal, *nunc pro tunc*, after which the trial court issued a Rule 1925(a) Opinion.

Handy now presents the following issue for our review: "Whether the trial court erred in denying [Handy's] pretrial Motion to suppress evidence where the stop and search of the subject vehicle violated [Handy's] constitutional rights to be free from unreasonable searches and seizures[?]" Brief for Appellant at 4 (capitalization omitted).

> [O]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted.

***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017) (citations omitted). Additionally, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of

- 2 -

the evidence presented at the suppression hearing." ***Commonwealth v. Byrd***, 185 A.3d 1015, 1019 (Pa. Super. 2018) (citation omitted).

Handy argues that the trial court erred in denying his pretrial Motion to suppress because the initial stop of the vehicle in question was unlawful, as being unsupported by probable cause, and, therefore, any evidence obtained from the unlawful search of the vehicle is fruit of the poisonous tree and must be suppressed. ***See*** Brief for Appellant at 9-26. Handy asserts that Lt. Laser lacked probable cause to conclude that he had committed a violation of the Motor Vehicle Code because

(1)   "Lt. Laser only estimated [Handy's] speed and observed [Handy's] vehicle for only a matter of seconds[,]" and "[a]n estimation of speed is insufficient to support a charge under 75 Pa.C.S.A. § 3362 (maximum speed limits), since proof of exact speed is in issue. ***Commonwealth v. Martorano***, 563 A.2d 1229, 1232 ([Pa. Super.] 1989) [(*en banc*)]." Brief for Appellant at 18.

(2)   "Lt. Laser's observations did not include any evidence of a 'careless disregard for the safety of others[,]' as his observations failed to specific [*sic*] how any of [Handy's] alleged driving violation[s] put any other person's safety in jeopardy. … At most, [Handy's] driving could be described as erratic[,] which is insufficient for a stop. ***Commonwealth v. Wilbert***, 858 A.2d 1247[, 1250] ([Pa. Super.] 2004)." Brief for Appellant at 18.

(3)   "[I]t is unreasonable to conclude that Lt. Laser could make a[n] [unlawful] window tint observation under these observations [*sic*] sufficient to justify a stop[,] when he only saw the vehicle for a matter of 'seconds' from thirty (30) feet away." Brief for Appellant at 19.

Regarding Handy's challenge to the lawfulness of the search of the vehicle, he asserts that "[t]he proposed explanation for the search, 'officer

- 3 -

safety[,]' is not a recognized exception to the warrantless requirement for an automobile search. In this case[,] officer safety was used as a pretext to conduct an unlawful search of the vehicle." *Id.* at 20; *see also id.* at 23 (asserting that Lt. Laser "testified that he had everything he needed to write the traffic citations and did not need any additional information[,]" and thus, no search of the vehicle was necessary). Handy urges that "[o]ther than [Handy] exiting the subject vehicle, this was a routine traffic stop." *Id.* at 24.

In its thorough and well-reasoned Opinion, the trial court set forth the applicable law, addressed Handy's challenge to the denial of his Motion to suppress, and determined that suppression was unwarranted, where (1) the initial police stop of the vehicle was lawful and supported by probable cause; and (2) the search of the vehicle, and discovery of the handgun, was lawful. *See* Trial Court Opinion, 3/15/18, at 7-16. Because our review confirms that the trial court's cogent analysis is amply supported by the record and the law,

we affirm on this basis in rejecting Handy's sole issue on appeal. ***See id.***[3]

      Judgment of sentence affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/20/2018</u>

_____

[3] Additionally, we acknowledge, and distinguish, this Court's prior decision in ***Commonwealth v. Cartagena***, 63 A.3d 294, 298, 305 (Pa. Super. 2013) (*en banc*) (where police conducted a nighttime traffic stop of defendant's vehicle for a suspected window tint Motor Vehicle Code violation, the defendant lowered his tinted driver's side window in response to repeated police prompts, the police noticed that he was "extremely nervous," and thereupon removed him from the vehicle to conduct a protective weapons search of the vehicle, holding that the trial court properly suppressed a handgun that the police discovered in the vehicle's center console because they lacked reasonable suspicion to conduct a protective search under the totality of the circumstances, and emphasizing that because the officers did not conduct the search until after the tinted windows had been put down, therefore, "the window tint had receded as a cause for a 'reasonably prudent' person to feel as though his or her safety was in jeopardy."). In the instant case, additional factors were present that would lead Lt. Laser to reasonably suspect that a limited search of the vehicle's interior was prudent to ensure officer and/or public safety. Namely, unlike in ***Cartagena***, Handy exited his vehicle at the time of the stop and ignored multiple commands from Lt. Laser to get back in the vehicle. Moreover, prior to conducting the protective search, Lt. Laser observed a large steel pipe positioned between the driver's side door and the door jam. Accordingly, contrary to Handy's claim, this was not a "routine traffic stop."