J-S81014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| Appellant | : | OF PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| PEDRO MANUEL RODRIGUEZ LUACES | : | |
| Appellee | : | |
| | : | No. 969 MDA 2018 |

Appeal from the Order Entered May 31, 2018
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0000380-2017

BEFORE:  STABILE, J., DUBOW, J., and STEVENS,* P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2019**

The Commonwealth appeals from an order granting the motion to suppress of Appellee, Pedro Manuel Rodriguez Luaces, on the ground that a state trooper lacked probable cause to stop Appellee's vehicle on the highway. We affirm.

On February 2, 2017, Appellee was arrested during a traffic stop on Interstate 80 and charged with possession with intent to deliver a controlled substance[1] and related offenses.  Appellee filed a motion to suppress, and after an evidentiary hearing, the trial court granted the motion on the ground that Trooper Hoy lacked probable cause to stop Appellee's vehicle.

The trial court made the following findings of fact:

_____

* Former Justice specially assigned to the Superior Court.

[1] 35 Pa.C.S.A. § 780-113(a)(30).

1. On February 2, 2017, Trooper Jeremy Hoy was employed by the Pennsylvania State Police and assigned to the Bureau of Criminal Investigation's Drug Law Enforcement Division as a member of the central SHIELD Unit, a highway criminal interdiction team.

2. At approximately noon on February 2, 2017, Trooper Hoy was on duty in a marked police car in the emergency crossover on Interstate 80 at mile marker 151 observing eastbound traffic.

3. Trooper Hoy testified that 1-80 is a common drug corridor.

4. From his position at mile marker 151, Trooper Hoy observed a black Nissan pickup truck pass by him at a speed that was much slower than the normal pace of traffic.

5. Trooper Hoy testified that his vehicle was not hidden and could be seen for about one half mile on approach, and eight-tenths of a mile past.

6. Trooper Hoy noted the pick-up truck had a temporary registration tag.

7. Trooper Hoy pulled out and followed the Nissan truck.

8. He testified that, as he got closer, he could see numbers on the temporary registration tag, but he could not see a state of origin or expiration.

9. Trooper Hoy testified he was in the left lane and [Appellee]'s vehicle was in the right lane and he "got as close as [he] could to attempt to read the vehicle or the information on the temporary tag." Trooper Hoy stated he could only see the numbers, not the state or expiration.

10. Trooper Hoy did not provide a description of how close he was to [Appellee]'s vehicle when making this observation.

11. Trooper Hoy conducted a traffic stop of the pick-up truck at mile marker 158 in Boggs Township, Centre County.

Opinion and Order, 5/31/18 ("Opinion"), at 1-2 (citations omitted). In addition, the trial court found that the temporary tag's state of registration and expiration were "clearly visible."[2] *Id.* at 14.

The Commonwealth filed a timely appeal to this Court, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925. The lone issue raised by the Commonwealth on appeal is whether the lower court erred in granting the motion to suppress.

When the Commonwealth appeals from a suppression order,

> we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Miller*, 56 A.3d 1276, 1278–1279 (Pa. Super. 2012). "Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions." *Commonwealth v. Brown*, 996 A.2d 473, 476 (Pa. 2010).

Having carefully reviewed the record, we conclude that the record supports the trial court's factual findings. In particular, our review of a color

---

[2] The trial court made additional findings of fact concerning the events following the stop, including conversations with Appellee and the search of his vehicle. We need not recite these additional findings given our decision that Trooper Hoy lacked probable cause to stop the vehicle in the first place.

photograph of Appellee's temporary license plate, admitted as Commonwealth Exhibit 3 during the suppression hearing, confirms that the state of registration and expiration on the plate were clearly visible.

Turning to the trial court's legal conclusions, we first address whether Trooper Hoy needed probable cause or reasonable suspicion to stop Appellee's vehicle. Section 6308(b) of the Vehicle Code defines the requisite cause for a traffic stop:

> (b) Authority of police officer.—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b). "Although subsection 6308(b) delineates the general rule, it does not apply in all instances, because not all vehicle offenses require further investigation to determine whether a motorist has committed that offense." ***Commonwealth v. Ibrahim***, 127 A.3d 819, 823 (Pa. Super. 2015). Instead, "some offenses, by their very nature, require a police officer to possess probable cause before he or she may conduct a traffic stop." ***Id.*** We explored this subject at length in a recent decision:

> [W]hen considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. **If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is**

> **suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.** Illustrative of these two standards are stops for speeding and DUI. If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle when it was observed while traveling upon a highway. On the other hand, if an officer possesses sufficient knowledge based upon behavior suggestive of DUI, the officer may stop the vehicle upon reasonable suspicion of a Vehicle Code violation, since a stop would provide the officer the needed opportunity to investigate further if the driver was operating under the influence of alcohol or a controlled substance. *Compare Commonwealth v. Enick*, 70 A.3d 843, 846 (Pa. Super. 2013) (probable cause required to stop for failure to drive on right side of roadway), *Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013) (probable cause required to stop for failure to use turn signal), *Commonwealth v. Busser*, 56 A.3d 419, 424 (Pa. Super. 2012) (probable cause required to stop for failure to yield to emergency vehicles), and [*Commonwealth v.*] *Feczko*, 10 A.3d [1285,] 1291 [(Pa. Super. 2010) (*en banc*)] (probable cause required to stop for failure to maintain lanes), with *Commonwealth v. Holmes*, [] 14 A.3d 89, 96–97 ([Pa.] 2011) (reasonable suspicion sufficient to stop to investigate front windshield obstruction), *Commonwealth v. Bailey*, 947 A.2d 808, 812–14 (Pa. Super. 2008) (reasonable suspicion sufficient to stop to investigate faulty exhaust system or muffler); *see also Commonwealth v. Landis*, 89 A.3d 694, 703 (Pa. Super. 2014) (noting that where trooper stopped motorist for failing to drive within a single lane—and not to investigate possible DUI—he needed probable cause to stop).

*Commonwealth v. Salter*, 121 A.3d 987, 993 (Pa. Super. 2015) (emphasis added).

To establish grounds for the less demanding standard of reasonable suspicion,

> the officer must articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his

- 5 -

experience, that criminal activity was afoot and that the person he stopped was involved in that activity. The question of whether reasonable suspicion existed at the time [the officer conducted the stop] must be answered by examining the totality of the circumstances to determine whether the officer who initiated the stop had a particularized and objective basis for suspecting the individual stopped. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of the [stop] warrant a [person] of reasonable caution in the belief that the action taken was appropriate . . . While an actual violation need not be established, a reasonable basis for the officer's belief is required to validate the stop.

*Commonwealth v. Postie*, 110 A.3d 1034, 1039-40 (Pa. Super. 2015).

Probable cause, the more demanding test, "does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Commonwealth v. Spieler*, 887 A.2d 1271, 1275 (Pa. Super. 2005).

The trial court correctly determined that Trooper Hoy needed probable cause to stop Appellee's vehicle. Trooper Hoy testified that the basis for initiating a traffic stop was because he could not see the state or the expiration on the temporary license plate of Appellee's vehicle. Section 1332(b)(4) of the Vehicle Code states in relevant part that "[i]t is unlawful to display on any vehicle a registration plate which . . . is obscured, covered or otherwise obstructed in a manner which inhibits the visibility of the issuing jurisdiction at a reasonable distance." 75 Pa.C.S.A. § 1332(b)(4) (emphasis added). Like a traffic stop for speeding, a traffic stop for an obstructed or covered license plate depends entirely upon observations that the officer makes before the

stop. Before making the stop, the officer must observe a license plate that is "obscured, covered or otherwise obstructed in a manner which inhibits visibility at a reasonable distance." *Id.* There is nothing further to investigate after the stop—that is, the officer cannot conduct further investigation after the stop as to whether the plate's visibility is obscured from a reasonable distance.

The trial court concluded correctly that the evidence did not give rise to probable cause. A driver does not violate Section 1332(b)(4) simply because his license plate cannot be viewed at any distance at all. Instead, an essential element is that the license plate cannot be viewed "from a reasonable distance." *Id.* Trooper Hoy testified: "I got as close as I could to attempt to read the vehicle or the information on the temporary tag. All I could see were the numbers. I could not see the state or the expiration written on it." N.T., 9/8/17 at 16. He added that he was not able to ascertain what state Appellee's vehicle was from at a "reasonable distance." *Id.* at 51. He failed, however, to provide sufficient facts to support his subjective definition of "reasonable distance," such as the number of car lengths between his vehicle and Appellee's or any other measurement. *Cf. Commonwealth v. Holmes*, 14 A.3d 89, 97-98 (Pa. 2011) (evidence was insufficient to support conclusion that officer had reasonable suspicion to stop vehicle for windshield obstruction; although officer testified that objects were hanging from rearview mirror that obstructed driver's vision, record was devoid of any description of

objects or how they materially impaired driver's vision or created safety hazard). Moreover, the photograph of Appellee's license plate shows that the state of registration and expiration date were "clearly visible" and not obstructed at all. Opinion at 14. As the trial court aptly observed, while it was "possible" that "these details were less clear from a position farther away than that from which the photograph was taken," there was "no factual testimony to establish that to be true or [show] that the state of origin and expiration date could not be seen from a 'reasonable distance.'" ***Id.***

The Commonwealth's reliance on ***Commonwealth v. Wilbert***, 858 A.2d 1247 (Pa. Super. 2004), is misplaced. There, we held that an officer had probable cause to stop the defendant's vehicle because, *inter alia*, mud obscured multiple characters on his license plate and prevented the officer from discerning the characters from a distance of three to four car lengths. Here, in contrast, the state and expiration date on Appellee's license plate were clearly visible and not obscured in any way. Further, unlike the officer in ***Wilbert***, Trooper Hoy failed to testify how many car lengths he was driving behind Appellee's vehicle.

Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019