J-S17005-22

2022 PA Super 146

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
          Appellant            :
                                    :
                                    :
          v.                     :
                                    :
                                    :
DERRICK RUFFIN              :     No. 1913 EDA 2021

Appeal from the Order Entered August 20, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004553-2021

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

OPINION BY BOWES, J.:                         **FILED AUGUST 23, 2022**

The Commonwealth appeals from the August 20, 2021 order granting Derrick Ruffin's ("Appellee") pre-trial motion to suppress evidence recovered during a traffic stop. Specifically, the Commonwealth challenges the suppression court's ruling that probable cause did not support a traffic stop for a violation of Pennsylvania's Vehicle Code concerning an obscured registration plate. Upon careful review, we agree and reverse.

The relevant facts of this case are not in dispute. At 6:12 p.m. on April 21, 2021, Police Officer Knud Kristensen conducted a traffic stop in the 5700 block of Warrington Avenue in Philadelphia. *See* N.T. Suppression Hearing, 8/13/21, at 6-7, 22-23, 25. Officer Kristensen initiated the stop due to a partially obstructed registration plate. Specifically, the frame encircling the plate prevented the officer from viewing the information on the bottom of

the plate, *i.e.*, the state tourism website. *Id*. at 7, 15-16. The frame did not obstruct the alphanumerical registration designation. *Id*. at 15-16.

Officer Kristensen observed five occupants in the vehicle. He noticed that Appellee, the front-seat passenger, made furtive movements that indicated Appellee had concealed something nearby on the seat. Due to the nature of the traffic stop, Officer Kristensen conducted a protective sweep of the front seat of the car, which revealed a loaded revolver underneath a sweatshirt where Appellee had been sitting. *Id*. at 7-8, 11-13. The police subsequently recovered additional rounds of ammunition from Appellee's pants pocket. *Id*. at 8-9. After discovering the firearm, Officer Kristensen learned that the vehicle was not registered, and the driver did not have a valid driver's license. *Id*. at 12. Similarly, Appellee did not have a valid permit to carry the firearm. *Id*. at 27.

Appellee was charged with possession of a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm on public streets or public property in Philadelphia, and possession of marijuana. He filed a motion to suppress physical evidence asserting, *inter alia*, that the stop, search, and seizure occurred in violation of his rights under the Fourth Amendment of the United States Constitution and Article I, §§ 8 and 9 of the Pennsylvania Constitution. *See* Motion to Suppress Physical Evidence, 7/27/21, at ¶¶ 3(a)-(b), (d).

At the suppression hearing, the Commonwealth presented the testimony of Officer Kristensen, and the parties stipulated to the testimony of other

police officers involved in the traffic stop. *See* N.T. Suppression Hearing, 8/13/21, at 6-29. Appellee argued that there was no basis for the vehicle stop because the officer could read the number on the registration plate and there was no question as to which state had issued the plate. *Id*. at 29-31. The court deferred a ruling on the suppression motion to allow counsel to file briefs responding to the issue concerning the legality of the vehicle stop. *Id*. at 31-33, 35, 39-40. After reviewing the submissions, the court granted Appellee's motion to suppress on the basis that there was "no reasonable suspicion or probable cause to pull over [the vehicle] because of the obscured website." N.T. Suppression Hearing, 8/20/21, at 3. The court noted that, "[i]t is certainly something [the] Commonwealth might want to appeal to get further information." *Id*. at 4. The Commonwealth timely filed a notice of appeal and a statement of issues presented pursuant to Pa.R.A.P. 1925(b).[1]

The Commonwealth presents the following question for our review: "Did the lower court err by suppressing a gun found as a result of a lawful traffic stop for a Vehicle Code violation?"[2] Commonwealth's brief at 3.

_____

[1] In its notice of appeal, the Commonwealth certified that the suppression court's suppression order would terminate or substantially handicap the prosecution of its case. *See* Notice of Appeal, 9/15/21, at 1. *See also* Pa.R.A.P. 311(d) ("In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.").

[2] Appellee declined to file a brief.

- 3 -

We begin our consideration of the Commonwealth's issue mindful of the applicable legal principles. Our standard of review in this context is well-established:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the . . . record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings.[3] The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Korn*, 139 A.3d 249, 252-53 (Pa. Super. 2016). Thus, "[o]ur standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions." *Id*. at 253.

When a police officer initiates a traffic stop of a vehicle, the stop constitutes a "seizure" within the meaning of the Fourth Amendment and activates constitutional protections against unreasonable seizures and detentions. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). Generally, a traffic stop must be supported by sufficient facts to provide an officer with reasonable suspicion to believe that the vehicle or driver was in violation of a provision of the Vehicle Code. *See* 75 Pa.C.S. § 6308(b). However, a stop based on reasonable suspicion under § 6308(b) must "serve

---

[3] Our scope of review is limited to the evidentiary record of the pre-trial hearing on the suppression motion. *In re L.J.*, 79 A.3d 1073 (2013).

an investigatory purpose relevant to the suspected violation." ***Commonwealth v. Feczko***, 10 A.3d 1285. 1291 (Pa.Super. 2010) (*en banc*); ***Commonwealth v. Salter***, 121 A.3d 987, 992 (Pa.Super. 2015). Therefore, in circumstances where the violation is such that it requires no additional investigation, the officer must possess probable cause before initiating the traffic stop. ***Feczko***, ***supra*** at 1291.

Here, it is uncontradicted that Officer Kristensen stopped the vehicle solely for an obscured license plate in violation of § 1332(b) of the Vehicle Code. In particular, Officer Kristensen credibly testified that he could view the alphanumerical characters on the registration plate, but he had difficulty seeing the website.[4] ***See*** N.T. Suppression Hearing, 8/13/21, at 14; ***see also*** ***See*** Suppression Court Opinion, 11/12/21, at 2, (citing N.T. Suppression

---

[4] A standard registration plate currently issued by the Pennsylvania Department of Transportation includes an alphanumerical combination below the name of the Commonwealth and above the Uniform Resource Locator ("URL") for the Commonwealth's official tourism website as in this sample plate displayed on the Department of Transportation's website:



***See*** https://www.dmv.pa.gov/VEHICLE-SERVICES/Registration%20Plates /Standard-Issue-License-Plate/Pages/standard-license-plates.aspx (accessed on July 28, 2022).

Hearing, 8/13/21, at 39) (finding that Officer Kristensen credibly testified as to the basis for the stop).

Section § 1332(b) prohibits the display of an obscured registration plate on a vehicle as follows:

> **(b)   Obscuring plate.--**It is unlawful to display on any vehicle a registration plate which:
>
> (1) is so dirty as to prevent the reading of the numbers or letters thereon at a reasonable distance;
>
> (2) is obscured in any manner which inhibits the proper operation of an automated red light enforcement system in place pursuant to section 3116 (relating to automated red light enforcement systems in first class cities) or 3117 (relating to automated red light enforcement systems in certain municipalities) or any other automated enforcement system authorized by this title or an electronic toll collection system as authorized under 74 Pa.C.S. § 8117 (relating to electronic toll collection);
>
> (3) is otherwise illegible at a reasonable distance **or is obscured in any manner**; or
>
> (4) is obscured, covered or otherwise obstructed in a manner which inhibits the visibility of the issuing jurisdiction at a reasonable distance.

75 Pa.C.S. § 1332 (emphasis added).

Plainly, investigation beyond the officer's initial observations would have provided no additional information to Officer Kristensen as to whether a violation of § 1332(b) occurred.  Consequently, he was required to possess probable cause before initiating the traffic stop based on this violation.  *See*

***Commonwealth v. Wilson***, 111 A.3d 747, 755 (Pa. Super. 2015) (referring to a violation of § 1332(b)(3) as a "non-investigable" offense).  Probable cause

is established where, from a reasonable distance, characters on a registration plate are illegible or the plate is at least partially obscured. **See Salter**, **supra** at 993-94 (concluding that the officer had probable cause to stop Salter's vehicle where officer could not see its registration plate from a reasonable distance).

After reviewing § 1332(b), the suppression court found that Officer Kristensen did not have probable cause to initiate the traffic stop because § 1332(b) did not prohibit an obstruction that shielded only the state tourism website on a registration plate. **See** Suppression Court Opinion, 11/12/21, at 4-5. Instead, it found that § 1332(b) pertained only to the obstruction of the issuing authority and the identification number. Since both of these items were visible at a reasonable distance, the court found that Officer Kristensen lacked probable cause to initiate the traffic stop. **See** N.T. Suppression Hearing, 8/20/21, at 3.

The Commonwealth argues that the registration plate on the vehicle transporting Appellee was at least partially obscured, and therefore was adequate to sustain a violation of § 1332(b)(3), permitting the traffic stop effectuated by Officer Kristensen. **See** Commonwealth's brief at 8-14. The Commonwealth posits that this case "involves a straightforward matter of statutory interpretation." **Id**. at 8.

With no disputed facts, the resolution of this appeal indeed turns on the meaning of phrase "obscured in any manner" as used in § 1332(b)(3), and

whether it encompasses the entirety of the plate or merely the issuing authority and vehicle-specific information. While this Court has previously addressed situations where the characters of a registration plate number were obscured by mud or where a tinted cover darkened the registration plate entirely, we have yet to define the phrase "obscured in any manner.[5] Thus, we must resolve the novel question before us through application of the rules of statutory interpretation.

In interpreting a statute, we are guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The plain language of the statute is the best indicator of the legislature's intent. To ascertain the plain meaning, we consider the operative statutory language in context and give words and phrases their common and approved usage." *Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934, 942 (Pa. 2021). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be

_____

[5] *See Commonwealth v. Wilson*, 111 A.3d 747, 755 (Pa. Super. 2015) holding probable cause existed to effectuate a lawful traffic stop for a violation of § 1332(b)(3) where the defendant's "license plate cover was obscured and illegible from a reasonable distance" due to "a partially tinted license plate cover"); *Commonwealth v. Wilbert*, 858 A.2d 1247, 1250 (Pa.Super. 2004) (holding traffic stop was legal pursuant to § 1332(b)(1) where the officer was unable to discern the characters on the vehicle's license plate until "after she had gotten out of her vehicle and inspected [the] plate" because it was "obscured by mud").

disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). This Court must give effect and ascribe meaning to each word and provision chosen by our legislature, assuming none is mere surplusage. *See*, *e.g.*, *Commonwealth v. McClelland*, 233 A.3d 717, 734 (Pa. 2020) ("Some meaning must be ascribed to every word in a statute . . . and there is a presumption that disfavors interpreting language as mere surplusage."); 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions.").

We further note that Vehicle Code provisions such as § 1332 that permit the imposition of fines are penal in nature, and thus must be strictly construed. *See* 1 Pa.C.S. § 1928(b)(1) (identifying "penal provisions" among the enumerated classes of statutes that "shall be strictly construed"); *see also* *Commonwealth v. Henderson* 663 A.2d 728, 733 (Pa.Super. 1995) (*en banc*) (providing that provisions of the Vehicle Code which impose fines are penal in nature and must be strictly construed). However, "this principle does not require that our Court give the words of a statute their narrowest possible meaning, nor does it override the general principle that the words of a statute must be construed according to their common and approved usage." *Commonwealth v. Hart*, 28 A.3d 898, 908 (Pa. 2011) (cleaned up).

With these principles in mind, we again examine the language of the statute at issue:

It is unlawful to display on any vehicle a registration plate which:

(1) is so dirty as to prevent the reading of the numbers or letters thereon at a reasonable distance;

(2) is obscured in any manner which inhibits the proper operation of an automated red light enforcement system in place pursuant to section 3116 (relating to automated red light enforcement systems in first class cities) or 3117 (relating to automated red light enforcement systems in certain municipalities) or any other automated enforcement system authorized by this title or an electronic toll collection system as authorized under 74 Pa.C.S. § 8117 (relating to electronic toll collection);

(3) is otherwise illegible at a reasonable distance or is obscured in any manner; or

(4) is obscured, covered or otherwise obstructed in a manner which inhibits the visibility of the issuing jurisdiction at a reasonable distance.

75 Pa.C.S. § 1332.

By its terms, subsection (b)(1) targets dirt and grime concealing the numbers and letters on a plate. Subsection (b)(2) is focused on interference with the ability of automated enforcement systems to obtain identification information from the plate. Subsection (b)(4) is concerned with any obstruction to the visibility of the issuing jurisdiction. However, in subsection (b)(3), our General Assembly forbids "any manner" of obstruction of the registration plate without limiting reference to the issuing jurisdiction or identifying numbers and letters.

The suppression court highlighted the references to specific information on the registration plate conclude that "it is the issuing authority and the identification number which are required to be visible at all times."

Suppression Court Opinion, 11/12/21, at 5. The court noted that, unlike these components, the statute does not specifically reference the website and notes that specialized "custom and affinity plates" issued by the Department of Transportation do not include the state tourism website. *Id*. at 4-5. Hence, the suppression court elevated the information concerning the issuing jurisdiction and the alphanumerical characters to essential elements of the registration plate while relegating the information concerning the state tourism website to a non-essential element completely outside the ambit of § 1332(b).

In so doing, the suppression court failed to give effect to the plain meaning of all of the words of the statute. The General Assembly knew how to indicate the importance of the visibility of only the issuing authority and the alphanumerical designation on the plate by so stating subsections (b)(1), (b)(2), and (b)(4). Yet, in subsection (b)(3) it used the catch-all word "otherwise" to prohibit "any manner" of obscuring of "a registration plate." The word "any" in this form means "unmeasured or unlimited in amount, number, or extent" or "to any extent or degree." https://www.merriam-webster.com/dictionary/any (accessed on July 28, 2022). To limit subsection (b)(3)'s scope to only select portions of the registration plate both contradicts the broad language chosen by our legislature and relegates subsection (b) to mere surplusage of the other sections which already prohibit the obstruction of those portions.

Furthermore, if the suppression court's interpretation were correct, and § 1132(b)(3) required only the issuing authority and the alphanumerical designation to be visible at all times, then the General Assembly would have deleted the catch-all "obscured in any manner" provision of subsection (b)(3) after the Department of Transportation began including the state tourism website URL on the standard registration plates in 2003. Since the addition of the state tourism website on the Commonwealth's standard registration plate, § 1332 has been amended on four occasions, but the "obscured in any manner" language has remained intact.[6]

Our legislature's intent for subsection (b)(3) to have a broader reach than the other provisions of § 1132(b) is further supported by its decision to make a subsection (b)(3) violation a mere summary offense that incurs a lesser fine than violations of the subsections that relate to the obstruction of the alphanumerical designation and issuing authority. **Compare** 75 Pa.C.S. § 1332(c) (establishing, violations of subsections (b)(2) and (b)(4) are punishable by a fine of $100), **with** 75 Pa.C.S. § 6502(a) (establishing,

---

[6] The original version of the statute that became effective in 1977 did not have separate subsections under section (b). Section (b) originally consisted of the terms now separately included in subsections (b)(1) and (b)(3). Various subsections have been added over a series of amendments that culminated with the latest amendment, effective in 2017, which added, *inter alia*, the present subsection (b)(4), and included a reference to subsection (b)(4) in the penalty provision in section (c).

summary violations of the Vehicle Code for which a penalty is not specified are punishable by a fine of $25).

For the above reasons, we hold that § 1132(b)(3) unambiguously prohibits the obstruction or concealment of **any** portion of a registration plate, including the address to our commonwealth's tourism website.[7]  While we appreciate Appellee's position that § 1332 should be limited to the elements of a registration plate that are actually pertinent to the identification of a vehicle's registration, that interpretation does not comport with a plain reading of the statute.  As § 1332(b)(3) unambiguously pertains to any partial covering of a Pennsylvania license plate, we may not disregard the letter of the law "under the pretext of pursuing its spirit."  1 Pa.C.S. § 1921(b).

Accordingly, the obstruction of the URL for the Commonwealth's tourism website on the registration plate of the vehicle in which Appellee was riding as a passenger constituted a violation of the Vehicle Code and subjected the operator to a traffic stop for the purposes of enforcing the $25 fine under § 1332(b)(3).  Hence, the suppression court erred in concluding that Officer Kristensen lacked probable cause to initiate the traffic stop based on a

---

[7] Our interpretation is consistent with the conclusion reached by the United States Court of Appeals for the Third Circuit. **See United States v. Ha Ngo**, 451 Fed.Appx. 220, 225 (3d Cir. 2011) (agreeing with a district court's finding of a violation of 75 Pa.C.S. § 1332(b)(3) where a "registration plate was obstructed around the outmost portion of the tag, making the top portion of the tag difficult to read").

violation of § 1332(b).  We, therefore, reverse the order granting Appellee's suppression motion and remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022